UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ROSA AND RAYMOND PARKS INSTITUTE FOR SELF DEVELOPMENT, | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. **2:13-CV-817-WKW-WC** |
| TARGET STORES, INC | ) ) | JURYTRIAL DEMANDED |
| Defendant | ) ) ) ) ) | |

## AMENDED COMPLAINT

Comes now the Plaintiff, The Rosa and Raymond Parks Institute for Self Development, by and through its attorney, Gwendolyn Thomas Kennedy, and, amends its complaint against Defendant, Target Stores, Inc., as follows:

NATURE OF THE CASE

1. Plaintiff, Rosa and Raymond Parks Institute for Self Development, is a Michigan Corporation which is the only corporation founded by the late Rosa Parks. The Institute owns the name and likeness of Rosa L. Parks. Rosa Parks rose to national and international fame when she refused to yield her seat on a racially segregated Montgomery, Alabama bus, sparking the Montgomery Bus Boycott. Her heroism ignited the Civil Rights movement and she became known throughout the world. Today, artifacts and memorabilia bearing her name, likeness or image remain in great demand.

Defendant, Target Stores, Inc., is a national retail chain which has discount stores located in many cities, one of which is in Montgomery, Alabama. Through its retail stores, Defendant has sold, and continues to sell, items which depict, contain and reproduce the name, likeness, and image of Rosa Parks. These items are unauthorized and unauthentic, and are items which Defendant has not obtained permission to sell. Defendant has received a great commercial profit from the unauthorized sale of products bearing Rosa Parks image and likeness and without compensation to the Plaintiff for such sales. These items which Defendant sells and has sold are manufactured by Defendant Target, and other companies and sold by Target on its retail shelves, through circulars and internet sites. Additionally, Target, by providing the retail space over which it has complete control, and generating the circulars, and the internet sites for theses unauthorized and unauthentic products has gained a commercial profit from the sale of items, manufactured and created by itself and others, of the unauthorized and unauthentic use of the name and likeness of Rosa Parks, constituting, inter alia, a false endorsement under the federal Lanham Act, violations of Plaintiff's right of publicity, and misappropriation and unjust enrichment under Alabama law.

PARTIES

2. Plaintiff, Rosa and Raymond Parks Institute for Self Development is a Michigan Corporation which owns the right to the name and likeness of Rosa Parks.

3. Defendant, Target Stores, Inc, is a Delaware corporation with its principal place of business at 1000 Nicollet Mall Minneapolis, MN55403, doing business in the State of Alabama, Montgomery County.

JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 . The Court has jurisdiction over the related State right of publicity, misappropriation and unjust enrichment claims pursuant 28 U.S.C. § 1367..

5. Venue is proper within this district pursuant to 28 U.S.C. § 1391 because the Defendant, Target Stores does business in Montgomery, Alabama, and sold and continues to sell items related to this controversy in Alabama.

FACTS

6. On or about January 1, 2012, and continuing thereafter, Defendant, through its authorized agents and representatives in the state of Alabama in particular and through the United States generally, without plaintiff's prior knowledge, or consent, used Rosa Parks' name, likeness, and image to sell products and did promote and sell products using said name, likeness, and image for Defendant's own commercial advantage.

7. Defendant, without plaintiff's consent, used and continues to use plaintiff's name and photographs in sales brochures, advertisements, television and internet advertisements to promote its business as well as the sale of Rosa Parks' memorabilia.

8. Defendant gained great pecuniary benefit from the unauthorized use of Rosa Parks' name and photographs by the sale of housewares, trinkets, paintings and other items which bear the name and likeness of Rosa Parks. Defendant did advertise, and continues to advertise, its business and promote its services using said name and likeness.

9. Plaintiff has suffered commercial damage to its loss of payment of any licensing opportunities for defendant's advertisements.

10. Defendant's continual unauthorized use of Rosa Parks' name, likeness and image in any manner continues to cause harm to Plaintiff's pecuniary interests and therefore must cease immediately.

### FIRST CAUSE OF ACTION
(Right of Publicity)

11. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 10 as if fully set forth herein.

12. By its unauthorized commercial use of Ms. Parks' name, photograph, distinctive attributes, iconic status and instant national and international recognition, Target has violated Ms. Parks' right of publicity.

13. Through Target's violation of Rosa Parks' right of publicity, the Plaintiff which owns her name and likeness has been damaged in an amount to be determined at trial, but presently estimated to be not less than $ 5,000,000.00.

### SECOND CAUSE OF ACTION
(Misappropriation)

14. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 13 as if fully set forth herein.

15. By its unauthorized commercial use of Rosa Parks' name, likeness, image and distinctive attributes, iconic status, and instant national and international recognition, Target has misappropriated Ms. Parks' identity for its commercial advantage of promoting and selling Rosa Parks memorabilia.

16. Through Target's misappropriation of Rosa Parks' identity, the Plaintiff which owns her name, likeness, and image has been damaged in an amount to be determined at trial, but presently estimated to be not less than $ 5,000,000.00.

### THIRD CAUSE OF ACTION
(Unjust Enrichment)

17. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 16 as if fully set forth herein.

18. By its unauthorized commercial use of Rosa Parks' name, likeness, image, distinctive attributes, iconic status, instant national and international recognition, Target has been enriched at the direct expense of Rosa Parks, without any justification for its conduct.

19. By its conduct, Target has been unjustly enriched in an amount to be determined at trial, but presently estimated to be not less than $ 5,000,000.00.

### JURY DEMAND

20. Plaintiff demands trial by Jury.

**WHEREFORE**, Plaintiff, Rosa and Raymond Parks Institute for Self Development, seeks an order of this Court:

1) Preliminary and permanently enjoining Target from the sale of any products bearing the name, likeness, image and distinctive attributes of Rosa Parks.

2) Awarding Plaintiff damages in an amount to be determined at trial.

3) Awarding Plaintiff her reasonable attorneys' fees and costs incurred in prosecuting this action.

      4) Awarding Plaintiff such other relief as to the Court appears just and proper.

Respectfully submitted on this the 7th day of November, 2013.

/s/Gwendolyn Thomas Kennedy
Attorney for the Plaintiff
KEN025
P.O. Box 230306
Montgomery, Alabama 36123-0306
(205) 265-9021