IN THE UNITED STATES DISTRICTR COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2014 NOV -7 P 1:47
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ROSA and RAYMOND PARKS INSTITUTE for SELF DEVELOPMENT, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 2:13-cv-00817-WKW-WC ) |
| TARGET CORPORATION, | ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Rosa and Raymond Parks Institute for Self Development hereby files its' Memorandum in Support of its Response to Defendants' Motion for Summary Judgment.

### INTRODUCTION

" '[T]he rationale for protecting the right of publicity is the straightforward one of preventing unjust enrichment by the theft of goodwill. No social purpose is served by having the defendant get free some aspect of the plaintiff that would

3

have market value and for which he would normally pay.'  ***Zacchini v. Scripps-Howard Broadcasting Co.*** (1977) 433 U.S. 562, 576.

This action was filed by the Plaintiff alleging that the Defendant, Target Corporation, sold items in its stores and online which bore the name, likeness, and image of Rosa Parks without permission. The Defendant admitted that, in fact, it sold these items, and continues to today to sell some of these items, today, without permission. ***See Plaintiff's Amended Complaint, Attachment 1; Defendant's Answer's to Plaintiff's Discovery, generally.***

After an exhaustive examination of Plaintiff's records regarding the worth of Rosa Park's name and likeness, and image, to include volumes of Deposition testimony, evidencing the millions of dollars attributed to her right to publicity, Defendant files this Motion for summary judgment. More specifically, Defendant submits that there exist no genuine issues of material fact upon which reasonable people could differ as to whether Defendant may use this icon's name, likeness, and/or image for commercial advantage without license.

4

The Defendant, Target, Corporation avers that although, admittedly, it sold items bearing the name, likeness and image of Mrs. Parks without permission, it is free to do so as a matter of law because: (a)The First Amendment allows the use without permission; (b)the Statute of Limitations bars the Plaintiff's claims, although the Defendant continues to sell books and tapes; and (c)the amount of money contained in the Plaintiff's prayer for relief exceeds the profit that Target actually made, *Inter alia*.

The Plaintiff opposes this Motion for Summary Judgment because, there is simply no legal precedent that would allow a business entity, such as Defendant, to use the name, likeness, and/or image of Rosa Parks for its pursuit of monetary gain, with impunity. To the contrary, the case law mandates a trial on the facts.

Without question, material facts are at issue as to all claims, to include whether the First Amendment protects the Defendant's various uses of the likeness of Rosa Parks; whether the statute of limitations bars the claims since Defendant continues to sell the merchandise; and the measure of damages. Therefore the Motion for Summary Judgment is due to be denied.

## PLAINTIFF'S STATEMENT OF UNDISPTUTED MATERIAL FACTS

1. Plaintiff did not grant permission to Defendant to sell for commercial profits the likeness or image of Rosa Parks. (Affidavit of Anita Peek, *Ex 1*; Deposition testimony of Elaine Eason Steele at Page30-lines 6-13, *Ex. 2*).

2. Plaintiff's officer, Executive Director, Anita Peek has been vigilant in protecting the image and likeness of Rosa Parks from commercial exploitation. (See, Affidavit of Peek, *Ex. 1*; Deposition testimony of Anita Peek at Page 14-lines 7-12, *Ex. 2*)

3. Ms. Peek visited one of Defendant's stores where her image and likeness was being sold and saw that Rosa Parks was featured very prominently in the advertisement for the sale of the Plaque and other material. (See, Anita Peek's Affidavit, *Ex. 1*; Deposition of Anita Peek at Page 163-lines 2-11, *Ex. 3*).

## RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPTUTED MATERIAL FACTS

### *Rosa Parks*

1. Plaintiff agrees that Rosa Parks' is indispensable in any discussion about the Montgomery Bus Boycott or the modern civil rights movement. However, her role in American history does not provide any basis for the sale for profit of her

likeness and name because of that role by any person or entity without the permission of Plaintiff.

### *The Parties*

2. Plaintiff Rosa and Raymond Parks Institute for Self Development owns Rosa Parks' likeness and name. ***See the Assignment of Rights signed by Rosa Parks, attachment 3.***

3. Defendant is a corporation which admittedly sold, for its profit, plaques containing the name, likeness and image of Rosa Parks and eight biographic works relating to her, all without permission. ***See Exhibit 2 and 3 attached to Affidavit of Anita Peek.***

### *The Litigation*

4. Plaintiff agrees with the statement contained in paragraph 4, page 3 of Defendant's memorandum. *(Doc, 57)*.

5. Plaintiff agrees with the statement contained in paragraph 5, page 3 of Defendant's memorandum. *(Doc, 57)*.

### *Background*

Plaintiff agrees with the background of this case as set out by Defendant in its memorandum; however it asserts that Defendant's action are not protected by the First amendment.

## *The Plaque*

6. Plaintiff agrees with the statement contained in paragraph 6, page 4 of Defendant's memorandum. *(Doc, 57)*.

7. Plaintiff agrees with the statement contained in paragraph 7, page 5 of Defendant's memorandum. *(Doc, 57)*.

8. Defendant's explanation regarding the name and image of Rosa Parks on the Plaque while a feel good statement belies the facts that they was offered for sale solely to make a profit. Defendant offers no evidence that it donated the proceeds from the sale of the Plaque to a non-profit organization or any organization that would further the works of Rosa or Raymond Parks. *(Doc. 57, p. 5)*.

9. Plaintiff denies the statement as set out in Paragraph 10, and states that Defendant did not obtain permission to use the name or likeness of Rosa Parks. **(Doc. 57, p. 6.)**

10. Plaintiff further avers that the individual who "created" this item to be sold to Target and others, did not get a license to do so. She did no more than enlarge a picture of Rosa Parks and her signature, alongside smaller pictures of Dr. King, and a bus so that it would lure sales for profit.

## ***The Biographical Works***

10. Plaintiff agrees that Defendant as stated in paragraph 11, offers for sale books relating to but states that Defendant did not obtain permission to use the name or likeness of Rosa Parks. **(Doc. 57, p. 6.)**

11. Plaintiff agrees with the statement in Paragraph 12 but states that Defendant did not obtain permission to use the name or likeness of Rosa Parks. **(Doc. 57, p. 7.)**

12. Plaintiff agrees with the statement in Paragraph 13, but states that Defendant did not obtain permission to use the name or likeness of Rosa Parks and in addition the profitability statement does account for customers who because of the unauthorized sale of Rosa Parks' name or likeness purchased other items from Defendant. **(Doc. 57, p. 8.)**

## ***The Plaintiff's Damages Allegation***

13. Plaintiff disagrees with Defendant's statement in paragraph 14. Plaintiff's corporate representative testified at length that the worth of the license would be based upon the license given to a celebrity to use Mrs. Parks' name and likeness for 30 seconds at $25,000 for the one time use. (***See Deposition Testimony of Anita Peek, Page 172, lines 19-25, Exhibit 5)***

9

### *The Statute of Limitations*

The Plaintiff denies that the claims are barred by the applicable Statute of Limitations, as the Defendant continues to provide items for sale, and to sell items which bear the name likeness and image of Rosa Parks. (*See Deposition of Elaine Steele at Page 72, at lines 7-17, Exhibit 7.)*

14. Plaintiff agrees with Defendant's statement in paragraph 15.  **(Doc. 57, p. 8.)**

15. Plaintiff agrees with Defendant's statement in paragraph 16 as those damage calculations are not available at this time. **(Doc. 57, p. 8.)**

16. Plaintiff agrees with Defendant's statement in paragraph 17, 18, 19, and 20. **(Doc. 57, p. 8-9)**

**17.** Defendant, in presenting documents for identification during Deposition of Elaine Steele, defines the relevant time period as 2011 and admits that it sold specific items during that time period which bore the name, likeness and image of Rosa Parks. (*See Deposition of Elaine Steele at Page 70 lines 3-12, Exhibit 8.*

## SUMMARY JUDGMENT STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides in pertinent part that, summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Rule 56* "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id. at 323*. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial." *Id. at 324* (citation and internal quotation marks omitted).

A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. **Adickes v. S.H. Kress & Co.**, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); see also **Anderson**, 477

11

U.S. at 255 (all justifiable inferences must be drawn in the non-moving party's favor). Any factual disputes will be resolved in Plaintiff's favor when sufficient competent evidence supports Plaintiff's version of the disputed facts. See **Pace v. Capobianco,** 283 F.3d 1275, 1276, 1278 (11th Cir.2002)

### Argument

*I.     The First Amendment is not a valid defense to the use of the name, likeness and image of Rosa Parks purely for commercial advantage, without permission.*

Quite simply, Defendant's reliance on the First Amendment as protection for its action in this case is misplaced. The central inquiry is whether a work is 'transformative.'(Comedy III,supra, 25 Cal.4th at p. 404.) "When artistic expression takes the form of a literal depiction or imitation of a celebrity for commercial gain, directly trespassing on the right of publicity without adding significant expression beyond that trespass, the state law interest in protecting the fruits of artistic labor outweighs the expressive interests of the imitative artist." (Id. at p. 405, fn. omitted.) On these facts, the picture of Rosa Parks was simply placed on a canvas, with other pictures. Mrs. Parks' photo was larger than the others, and a copy of her signature was affixed with her date of birth and death. This placement drew the attention of shoppers to Rosa Parks. Rosa Parks had just been placed on a stamp, been placed in Statuary Hall, and had been treated as major head of state at

her funeral services. Without any artistic contribution, this plaque was sold by Target for profit and without license.

This case raises no constitutional safeguards and there are material factual disputes between the parties such that judgment cannot be entered as a matter of law.

Under Alabama law the right of privacy protects the commercial value of a public figure's identity. **_Birmingham Broadcasting Co. v. Bell_**, 259 Ala. 656, 68 So. 2d 314 (1953). The plaintiff must demonstrate that there is a unique quality or value in his or her likeness that, if appropriated, would result in commercial profit to the defendant. **_Allison v. Vintage Sports Plaques_**, 136 F.3d 1443, 1446 (11th Cir. 1998). Right of privacy protects both psychological harm and commercial value. **_Minnifield v. Ashcraft_**, 903 So. 2d 818 (Ala. Civ. App. 2004).

Defendant in attempting to justify its sale of the Plague which contains her image without first obtaining permission cites cases from the Eleventh Circuit and other courts for its position that the First Amendment is applicable to the case at bar. For whatever reason it has ignored or overlooked one important fact. An important case from Alabama and an equally important case from the Eleventh Circuit which is applicable to this case. The important fact is that, firstly, Defendant has not provided any evidence to this Court that it had obtained permission from the proper sources to sell for profit Rosa Parks' image or likeness.

13

Secondly, it has ignored the holding in *Birmingham Broadcasting Co. v. Bell*, 259 Ala. 656, 68 So. 2d 314 (1953) that under Alabama law the right of privacy protects the commercial value of a public figure's identity. *Birmingham Broadcasting Co. v. Bell*, 259 Ala. 656, 68 So. 2d 314 (1953). Alabama law protects the right of privacy protects both psychological harm and commercial value. *Minnifield v. Ashcraft*, 903 So. 2d 818 (Ala. Civ. App. 2004). Thirdly, the Eleventh Circuit in *Allison v. Vintage Sports Plaques*, 136 F.3d 1443, 1446 (11th Cir. 1998) noted that the:

> ". . . case of Smith v. Doss, 251 Ala. 250, 37 So.2d 118 (1948), impliedly had recognized a cause of action for violation of the right of privacy, the court held that the "privacy of a public personage may not be lawfully invaded by the use of his name or picture for commercial purposes without his consent, not incidental to an occurrence of legitimate news value." Bell, 68 So.2d at 319. Although it does not appear that Alabama courts ever have recognized a right denominated as "publicity," we conclude that the Alabama right of privacy contains an analogous right."

In Allison the Court further noted that:

> "Alabama has recognized the commercial appropriation invasion of privacy tort, although the cause of action has been addressed directly

14

by Alabama's highest court only twice. See *Schifano v. Greene County Greyhound Park*, Inc., 624 So.2d 178 (Ala.1993); *Bell*, supra. In *Schifano*, the Alabama Supreme Court, quoting the Restatement (Second) of Torts § 652C, noted that "[i]t is only when the publicity is given for the purpose of appropriating to the defendant's benefit the commercial or other values associated with the name or the likeness that the right of privacy is invaded." *Schifano*, 624 So.2d at 181. In *Kyser-Smith v. Upscale Communications, Inc.*, 873 F.Supp. 1519, 1525–27 (M.D.Ala.1995) (denying summary judgment to defendant on commercial appropriation claim under Alabama law because plaintiff established genuine issue of the value of her likeness and of the defendant's commercial benefit from the exploitation of that likeness); cf. *J.C. v. WALA-TV, Inc.*, 675 So.2d 360 (Ala.1996) (recognizing "legitimate news interests exception" to commercial appropriation tort liability); *Doe v. Roe*, 638 So.2d 826 (Ala.1994) (same). *Id. at 1446.*

Defendant has admitted that there is a unique quality or value in the likeness or image of Rosa Parks by its admitted, continued sale for years. This quality or worth resulted in commercial profit that inured to Defendant's commercial benefit from the exploitation of that likeness.

Defendant did not produce any evidence that it had obtained permission from the appropriate persons to sell for profit Rosa Parks' image and likeness. Likewise, Plaintiff states that they did not grant permission to Defendant to sell for commercial profits the likeness or image of Rosa Parks. ***(See, Affidavit of Anita Peek, Exhibit1)***. Also, Ms. Peek visited one of Defendant's stores where her image and likeness was being sold and saw that Rosa Parks was featured very prominently in the advertisement for the sale of the Plague and other material. ***(See Affidavit of Anita Peek, Ex 1)***.

**II.** ***Plaintiff's claims are timely, and thus are not subject to dismissal.***

Summary Judgment is also not proper because the statute of limitation does not act as a bar to Defendant's action.

A litigant seeking equitable tolling equitable tolling bears the burden of establishing two elements, that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way" as to the filing of his action. ***Pace v. DiGuglielmo***, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). In Ex parte Ward, 46 So.3d 888 (Ala.2007), the Alabama Supreme Court held that equitable tolling is available in extraordinary circumstances that are beyond the petitioner's control and that are unavoidable even with the exercise of diligence. Id, at 897.

In the instant case, Plaintiff's Officer, Anita Peek has been vigilant in protecting the image and likeness of Rosa Parks from commercial exploitation. *(See Affidavit of Anita Peek, Ex. 1)*. Defendant admitted in its memorandum in support of its summary judgment motion that it sold the items that are in controversy in a limited number of its stores.

Ms. Peek, in doing due diligence, became aware of the sale when she went to several stores operated by Defendant. When she discovered the sale, she wrote to the Defendant's President at the time. After he refused to act, the Plaintiff initiated the appropriate action. *(See Affidavit of Anita Peek, Ex. 1)*.

### *III. This case should not be dismissed as to any claim as the Plaintiff can show damages.*

In Allison, the Court in writing on damages noted that: "The appropriation type of invasion of privacy, like all privacy rights, centers on damage to human dignity. Damages are usually measured by "mental distress"—some bruising of the human psyche. On the other hand, the right of publicity relates to commercial damage to the business value of human identity. Put simplistically, while infringement of the right of publicity looks to an injury to the pocketbook, an invasion of appropriation privacy looks to an injury to the psyche. *Id, at 1447.*

In this case, Defendant admitted that it sold for commercial profit the items bearing the name, likeness and image of Rosa Parks. It has not provided any

17

evidence that it had permission to do so. Defendant on page 30 of its memorandum references the damages calculation provided by Plaintiff. Defendant disagrees with the calculation. **(Doc. 57).** This disagreement is, itself, a dispute of the evidence which would prohibit a granting of a Motion for Summary Judgment on this issue because there is a conflict of facts.

## CONCLUSION AND PRAYER

Plaintiffs have offered substantial evidence in support of each of its stated causes of action. The Defendant has always admitted that it sold items bearing Mrs. Parks' name, likeness and image without permission. This Motion simply begs the Court give it a free pass on a technicality that is not supported in law.

For this reason, as set out more fully above, the Court should deny Defendant's Motion for Summary Judgment. The only reasonably probable explanation, for which there is substantial and overwhelming evidence, is that Defendant, reliant upon the fact that Mrs. Parks' is well known and beloved, sold, and continues to sell items bearing her name and likeness. Although Defendant was not compelled to show how many licenses it sought from other well known persons, before using

Snow White to Michael Jackson. One might reasonably conclude that licenses are being procured by Target Corporation. The actions by Defendant in this instance reflects an arrogant and reckless disregard for the only charity started by this selfless martyr. Defendant should not be rewarded by a summary dismissal.

WHEREFORE the Plaintiff, The Rosa and Raymond Parks Institute for Self Development respectfully prays that the Court deny Defendant's Motion for Summary Judgment and grant to it such other and further relief to which it may be justly entitled.

Dated November 7th, 2014.

/s/ *Gwendolyn Thomas Kennedy*
6123 Forest Avenue
Montgomery, AL 36106
(205) 265-9021
gwendolyntkennedy@yahoo.com

## CERTIFCATE OF SERVICE

I hereby certify that on this the 7th day of November 2014, the foregoing was filed electronically using the CM/ECF system, which effectuates service on all attorneys of records by electronic mail and served via regular mail to counsel of record at the following address:

> James R. Steffen (*pro hac vice*) Leita Walker (*pro hac vice*)  Peter Routhier
> **FAEGRE BAKER DANIELS LLP**
> 2200 Wells Fargo Center
> 90 South Seventh Street
> Minneapolis, MN 55402-3901
> Email:  james.steffen@FaegreBD.com
>           leita.walker@FaegreBD.com
>
> Helen Kathryn Downs (ASB-8460-O74H)
> **BUTLER SNOW LLP**
> One Federal Place
> 1819 5th Avenue North, Suite 1000
> Birmingham, Alabama 35203
> Email:  HK.downs@butlersnow.com

/s/ Gwendolyn Thomas Kennedy